



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID GREEN, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 06-80-GMS ) |
| STANLEY TAYLOR, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM

The plaintiff David Green, Jr. ("Green"), is a prisoner incarcerated at the Delaware Correctional Center ("DCC"), in Smyrna, Delaware. He filed this lawsuit pursuant to 42 U.S.C. § 1983, appears *pro se*, and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

I.   STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis*, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d

Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a *pro se* complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

II.     ANALYSIS

Green alleges discrimination and a violation of his right to due process because he was classified for medium high security unit ("MHU") housing. He alleges that under the classification guidelines he should be classified for medium security housing, not MHU. Green alleges that because of the MHU housing he is deprived of the right to work, earn good time, attend vocational training, and attend church services every week.

Neither Delaware law nor DCC regulations create a liberty interest in a prisoner's classification within an institution. *See* Del. Code Ann. tit. 11, § 6529(e). "'As long as the conditions or degree of confinement to which [a] prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight.'" *Hewitt v. Helms*, 459 U.S. 460, 468 (1983) (quoting *Montanye v. Haymes*, 427 U.S. 236, 242 (1976)). It has thus been determined that the transfer of a prisoner from one classification is unprotected by "'the Due Process Clause in and of itself,'" even though the change in status

2

involves a significant modification in conditions of confinement. *Hewitt*, 459 U.S. at 468 (citation omitted); *Moody v. Daggett*, 429 U.S. 78 (1976); *see also Lott v. Arroyo*, 785 F.Supp. 508, 509 (E.D.Pa. 1991) (plaintiff transferred from group home to correctional facility had no constitutionally enforceable right to participate in work release program); *Brown v. Cunningham*, 730 F.Supp. 612 (D.Del. 1990) (plaintiff's transfer from general population to administrative segregation, without being given notice and opportunity to challenge it, was not violation of plaintiff's liberty interest).

Accordingly, the decision to place Green in MHU housing cannot be viewed as falling outside the scope of "the sentence imposed upon him [or] otherwise violative of the Constitution." Other than his complaints of lost opportunities, Green makes no allegations that his placement in MHU imposed an "atypical or significant hardship on [him] in relation to the ordinary incidents of prison life" so as to impinge upon his protected liberty interests.

Moreover, neither Delaware law nor any other authority creates a liberty interest in the right to participate in a work or education program. *See James v. Quinlan*, 866 F.2d 627, 629-30 (3d Cir. 1989). Therefore, as to these allegations Green cannot state a claim for violation of a liberty interest created by the Due Process Clause or State law.

Nor does Green state a claim of discrimination. To state a claim under the Equal Protection Clause, a prisoner must allege that he was treated differently from similarly situated inmates. *Saunders v. Horn*, 959 F.Supp. 689, 696 (E.D.Pa.1996); *see also City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Price v. Cohen*, 715 F.2d 87, 91 (3d Cir. 1983) ("To establish a violation of the equal protection clause, a plaintiff must show that [an] allegedly offensive categorization invidiously discriminates against [a] disfavored group.").

Green has failed to allege that he was treated differently from other inmates. As a result, he has not properly alleged an equal protection violation. *See Saunders*, 959 F.Supp. at 696 (finding that prisoner had not stated an equal protection claim where he did not state that he was treated differently from other inmates with similar problems). Finally, his equal protection claim is inextricably intertwined with his housing status claim. As stated above, a change in housing status is not violative of the Constitution.

Based upon the foregoing, Green's due process and equal protection claims have no arguable basis in law or in fact, and they are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### III. CONCLUSION

For the above stated reasons the court finds that the complaint is legally frivolous, and dismissal is appropriate pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d. Cir. 1976). An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

June 26, 2006
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID GREEN, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-80-GMS |
| | ) |
| STANLEY TAYLOR, et al., | ) |
| | ) |
| Defendants. | ) |

ORDER

At Wilmington this 26TH day of June, 2006, for the reasons set forth in the Memorandum issued this date the complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) as legally frivolous. Amendment of the complaint would be futile.

UNITED STATES DISTRICT JUDGE

June 26, 2006
Wilmington, Delaware